USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMELE TUTT,

Plaintiff,

-against-

DELTA GALIL USA, INC.,

Defendant.

26-CV-01846 (MMG)

**ORDER APPROVING SETTLEMENT**

MARGARET M. GARNETT, United States District Judge:

Plaintiff brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, Art. 6 §§ 190 *et seq.*, Art. 19 §§ 650 *et seq.* On June 30, 2026, the Court was informed through a Report of Mediator that the parties agreed to a settlement in principle. Dkt. No. 12. By Order entered July 8, 2026, the Court directed the parties to submit their proposed settlement agreement for the Court's review within 45 days, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Dkt. No. 13. After the Court granted an extension of time to submit the proposed agreement, *see* Dkt. No. 15, the parties submitted their proposed order and requested that the Court's approval on August 12, 2026. Dkt. Nos. 17–18.

The Court, having reviewed the parties' joint letter seeking approval of their settlement agreement, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiffs' claim and the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012).

The settlement approval is subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

In addition, Plaintiffs seek approval of $11,666.67 in attorneys' fees, which is roughly 33.33% of the settlement amount of $35,000. *See* Dkt. No. 17 at 5–7. Courts in this Circuit typically approve attorneys' fees that range between 30% and 33.33%. *See Guzman v. Joesons Auto Parts*, No. 11-cv-04543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein, L.P.*, No. 09-cv-05904 (JPO), 2013 WL 7122612, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, and with the settlement amount that will remain for plaintiffs in light of the facts of this case, attorneys' fees in the amount of one-third of the recovery is appropriate here.

Plaintiff further seeks approval of $1,483.11 in out-of-pocket expenses. *See* Dkt. No. 17 at 7; Dkt. No. 18-3 (costs ledger)). The Court finds that expenses incurred are reasonable and incidental to counsel's representation. *See e.g.*, *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d. 180, 183 n.3 (S.D.N.Y. 2003) (quotation omitted).

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court DISMISSES the case with prejudice. All pending motions are moot. All conferences

are cancelled. The Clerk of the Court is respectfully directed to CLOSE this case.

Dated: August 17, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge